IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

FRANK T. BUCKLEY, JR.
    Plaintiff,

v.

AIRSHIELD CORPORATION et al.,
    Defendants.

Civil Action No. AW-95-1481 &
AW-97-2473

## MEMORANDUM OPINION

Currently pending before the Court are several motions concerning the appropriate forum for this case in light of Defendant Airshield's bankruptcy. Defendants seek a transfer to the United States District Court of Texas or, in the alternative, a referral to the Bankruptcy Court for the United States District Court of Maryland. Plaintiff objects to any referral or transfer from this Court. On August 24, 2001, the Court held a telephonic conference with the counsel of the respective parties. No hearing is deemed necessary. *See* Local Rule 105.6. Upon consideration of the arguments made in support of, and opposition to, the respective motions, the Court shall grant Defendant's motion for transfer. Section 1404(a) gives courts broad discretion in determining the propriety of a motion to transfer. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L.Ed. 789 (1955). The issue of transfer under § 1404(a) is committed to the sound discretion of the Court. *Southern Railway Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956). The Court believes that the interests of conserving judicial resources in light of the parallel bankruptcy proceedings strongly favors transfer. Under the circumstances, the Court finds it more appropriate for the United States District Court of Texas to determine whether Plaintiff's patent infringement case should be referred to the United States Bankruptcy Court for the District of Texas as a related proceeding and the viability of a jury trial. For the reasons stated above and in the conference call, the Court will transfer the case to the United States District Court for the Southern District of Texas, Brownsville Division. An Order consistent with this Opinion will follow.

8-24-01
Date

Alexander Williams, Jr.
United States District Judge