5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

SEP 1 9 2001

Michael N. Milby
Clerk of Court

|                                      |   |
|--------------------------------------|---|
| FRANK T. BUCKLEY, JR.,               | ) |
|                                      | ) |
|     Plaintiff,   | ) |
|                                      | ) |
| v.                                   | ) |
|                                      | ) |
| AIRSHIELD CORPORATION, ET AL.,       | ) |
|                                      | ) |
|     Defendants.  | ) |
|                                      | ) |

Civil Action No.   B-01-■153

**STIPULATED MODIFICATION TO THE PROTECTIVE ORDER**
**ENTERED IN THIS CASE ON SEPTEMBER 30, 1996**

Plaintiff Frank T. Buckley, Jr. ("Plaintiff" or "Dr. Buckley") and defendants,

Airshield Corporation ("Airshield"), Fibertec Corporation ("Fibertec"), Werner

Enterprises, Inc. ("Werner"), and Washington Freightliner, Inc. ("Washington"), by their

respective counsel, have stipulated and agreed that discovery in this case may involve

disclosure of confidential, trade secret and proprietary technical, business and financial

information (collectively "Confidential Information") and that any order limiting

disclosure of such information is necessary to protect the interest of the parties.  Plaintiff

and defendants have further agreed to modify the Stipulated Protective Order entered in

this case on September 30, 1996, to reflect the fact that the reinstatement of Frank T.

Buckley, Jr. v. Paccar, Inc. et. al., Case No. AW-97-3425 may involve disclosure of

materials subject to the September 30, 1996 Protective Order.


IT IS HEREBY ORDERED:

CtsPDF - www.fastio.com

1.   This Protective Order shall govern all information disclosed by any person or entity furnishing information in this lawsuit, regardless of whether such person or entity is a party to this action, including without limitation all documents produced, the subject matter thereof, interrogatory answers, responses to requests for admission, deposition testimony, and other items subject to discovery in this suit, and further including matters presented to the Court in this action in briefs, memoranda, affidavits, exhibits. testimony or by other means.

2.   This Protective Order permits any person or entity producing or disclosing information in this action (the "Designating Party") to designate as "Confidential" or "Confidential-Attorneys Only," in whole or in part, documents, interrogatories, interrogatory answers, requests for admission, responses to requests for admission, requests for production, responses to requests for production, deposition transcripts, responses to subpoenas duces tecum and all other items produced or disclosed as part of the discovery process, or in briefs or pleadings, or in testimony which contain information the Designating Party regards as confidential (hereinafter "Confidential Information").

3.   Confidential Information designated "Confidential-Attorneys Only" may not be disclosed to the general public or to officers, directors or employees of any party to this action, and may be used by receiving party only for purposes of this action.  It may only be disclosed to:

a.       Outside counsel of record for the parties to this lawsuit and such attorneys' regularly-employed office staff;

2

b.     Third party experts and consultants whose technical advice and consultation are being or will be used in connection with this lawsuit, and their regularly - employed office staffs;

c.     Individuals or employees of any third party organization retained to render litigation support services in this lawsuit;

d.     The deponent of a deposition or the witness in a court proceeding who has previously seen or has been given the Confidential Information to be disclosed, and the counsel of record, if any, for such deponent or witness;

e.     The reporter transcribing a deposition involving Confidential Information;

f.     The Court and its staff; and

g.     Any other person as to whom the parties in writing agree.

4.     Confidential Information designated "Confidential" may not be disclosed to the general public and may be used by the receiving party only for purposes of this action. It may only be disclosed to:

a.     The officers, directors and employees of the parties who participate in the prosecution or defense of this lawsuit and/or monitor this lawsuit for a party;

b.     Outside counsel of record of the parties to this lawsuit and such attorneys' regularly-employed office staff;

c.     Third party experts and consultants whose technical advice and consultation are being or will be used in connection with this lawsuit, and their regularly-employed office staffs;

3

   d.  Individuals or employees of any third party organization retained to render litigation support services in this lawsuit;

   e.  The deponent of a deposition or the witness in a court proceeding who has previously seen or has been given the Confidential Information to be disclosed, and the counsel of record, if any, for such deponent or witness;

   f.  The reporter transcribing a deposition involving Confidential Information;

   g.  The Court and its staff; and

   h.  Any other person as to whom the parties in writing agree.

  5. Each person or entity required to produce or disclose information or provide testimony in this action shall have the right to designate in writing as "Confidential" or "Confidential-Attorneys Only" any information produced or disclosed that such person or entity contends contains Confidential Information of that person or entity.  Such designation, in the case of documents and things containing such information, shall be made by stamping, placing or affixing on the document or thing a notice containing the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS  ONLY" or, alternatively, designating in writing a description of the Confidential Information by category or by identification number.  Stamping, placing or affixing the designation on the first page of a document shall be sufficient to designate the entire document or thing as "Confidential" or "Confidential-Attorneys Only."  All documents or things designated as "Confidential" or "Confidential-Attorneys Only" shall be designated prior to or at the time of producing such documents or things, except as  provided in paragraph 6 with respect to

4

inadvertent disclosure, and in paragraph 7 for designation of Confidential Information disclosed at depositions.

6. A party that inadvertently fails to mark an item as "Confidential" or "Confidential-Attorneys Only" at the time of production shall have ten (10) business days from the date of production in which to correct its failure. Such correction shall be made in writing and accompanied by a substitute copy of each item that is appropriately designated. Within three (3) business days of the receipt of the substitute copy, the party receiving such items shall return the previously unmarked item and all copies thereof. Until expiration of the ten (10) business day period provided by this paragraph. all items produced shall be considered and treated as "Confidential-Attorneys Only."

7. The parties shall treat all deposition transcripts, deposition exhibits and other documents produced at depositions taken pursuant to rules 30 or 31 of the Federal rules of Civil Procedure, as "Confidential-Attorneys Only" for thirty (30 days after a complete transcript is received by the party designating Confidential Information. Within thirty (30) days after the receipt of a complete transcript, the party wishing to designate all or portions of that transcript as "Confidential" or "Confidential-Attorneys Only" shall designate as such specific transcript pages, deposition exhibits and any other documents produced at the deposition in accordance with this Protective Order. The court reporter, who shall first have agreed to abide by the terms of this Protective Order, shall be instructed to include on the cover page of each transcript a legend stating: "This deposition transcript contains information at pages _____ subject to a Protective Order and shall be governed in accordance with the terms of such Protective Order." When testimony or documents designated as Confidential Information are elicited or discussed during a deposition.

persons not entitled to receive such information under the terms of this Protective Order
shall be excluded from the deposition.

8.  This Protective Order shall not abrogate or diminish any contractual, statutory,
or other legal obligations or rights of any party or person with respect to Confidential
Information.  The fact that information is or is not designated as "Confidential" or
"Confidential-Attorneys Only" under this Protective Order shall not determine what a trier-
of-fact may find to be confidential or proprietary.

9.  All documents and materials filed with the Court that comprise or contain
Confidential Information shall be filed in sealed envelopes or other appropriately sealed
containers on which shall be endorsed the title of this action, a statement of the nature of
the contents of such sealed envelope or other container, the word "Confidential," and a
statement substantially in the following form:  "This envelope contains documents and
things subject to a Protective Order entered in this action.  It is not to be opened nor the
contents thereof to be displayed, revealed, or made public, except by order of the Court."
No such sealed envelope or other container shall be opened by anyone other than Court
personnel without an order from the Court identifying by name the person or persons who
may have access to the sealed material, and specifically designating those portions of the
sealed file that may be revealed to them.

10. In no event shall any Confidential Information be disclosed to any person
permitted access under paragraph 3 and 4 hereof, other than to counsel or record, their
employees, any deponent referred to in those paragraphs, or the Court and its staff, until
such person has executed a written confidentiality agreement in the form attached hereto as
Exhibit 1 acknowledging and agreeing to be bound by the terms of this Protective Order.

6

A file shall be maintained by counsel of record for each party of all written confidentiality agreements signed by persons to whom materials stamped "Confidential" or "Confidential-Attorneys Only" have been given.

11. Nothing contained in this Protective Order shall affect the right of any Designating Party to disclose to its officers, directors, employees, consultants, experts or anyone else its own designated Confidential Information.

12. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena duces tecum or question at a deposition or hearing as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party. Nothing in this Protective Order shall constitute an admission that any evidence is admissible or not admissible.

13. If a party objects to the designation of material under this Protective Order as "Confidential" or "Confidential-Attorneys Only," it may move upon proper notice to counsel for all parties and the designating party this Court or the Court in which issued a subpoena for an order that such material not be treated as "Confidential" or "Confidential-Attorneys Only" under this Protective Order. If the party objecting to a confidentiality designation does not move the Court in a timely fashion for such an order, the material shall be considered Confidential Information as designated.

14. Upon final termination of this action, unless otherwise agreed in writing by an attorney of record for the Designating Party, each party shall assemble and return all

Confidential Information of the designating party including all copies thereof, to the party from whom the Confidential Information was obtained.

15. Subject to the provisions of paragraphs 6 and 7 hereof, information which has been produced without having been designated as "Confidential" or "Confidential-Attorneys Only" shall not be treated as confidential.

16. This Protective Order further orders the plaintiff or defendants in this action to designate as "(AS) Confidential - Attorneys' Eyes Only" any in whole or in part, documents, interrogatories, interrogatory answers, requests for admission, responses to requests for admission, requests for production, responses to requests for production, deposition transcripts, responses to subpoenas duces tecum and all other items produced or disclosed as part of the discovery process, or in briefs or pleadings, or in testimony which contain information the Designating Party regards as confidential prior to producing or disclosing these documents or information to any party in the Frank T. Buckley, Jr., v. Paccar, Inc., et al, Case No. AW-97-3425 matter ("OEM action").

17. Confidential information designated "(AS) Confidential-Attorney's Eyes Only" may not be disclosed to the general public or to officers, directors, or employees of any party to the OEM action, and may be used by the receiving party only for purposes of the OEM action. Such information may only be disclosed to:

    a.    Outside counsel of record for the parties to the OEM action and such attorneys' regularly-employed office staff;

    b.    Third party experts and consultants whose technical advice and consultation are being or will be used in connection with the OEM action and their regularly employed office staffs;

c.   Individuals or employees of any third party organization retained to render litigation support services in the OEM action;

d.   The deponent of a deposition or the witness in a court proceeding who has previously seen or has been given the Confidential Information to be disclosed, and the counsel of record, if any, for such deponent or witness;

e.   The reporter transcribing a deposition involving Confidential Information;

f.   The Court and its staff; and

g.   Any other person as to whom the parties in writing agree.

18. No part of the restrictions imposed by this Protective Order may be terminated or amended, except by the written stipulation executed by counsel or record for each party and counsel for the designating party, or by an order of this Court for good cause shown. The termination of this action shall not automatically terminate this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order and any Confidentiality Agreements executed in connection with this Order attached as Exhibit 1.

Respectfully submitted,

Frank T. Buckley

Date: 9|10|01

By: _____
Christopher Kliefoth, Esq.
Diane L. Cafritz, Esq.
McDERMOTT, WILL & EMERY
600 13th Street NW
Washington, D.C. 20005-3096
(202) 756-8000

Attorneys for Plaintiff

Date: _Aug 15, 2001_                    By: _____

                                        Dennis L. Thomte, Esq.
                                        Zarley, McKee, Thomte,
                                          Voorhees & Sease, P.L.C.
                                        Commercial Federal Tower - Suite 1111
                                        2120 South 72nd Street
                                        Omaha, Nebraska  68124

                                        Attorneys for Defendants

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

PLAINTIFF'S UNOPPOSED MOTION TO MODIFY STIPULATED PROTECTIVE

ORDER and STIPULATED MODIFICATION TO THE PROTECTIVE ORDER

ENTERED IN THIS CASE ON SEPTEMBER 30, 1996 was served upon Defendants by

forwarding a copy via U.S. mail, postage prepaid on this 10th day of September, 2001.

Dennis L. Thomte, Esq.
ZARLEY, McKEE, THOMTE,
VOORHEES & SEAS
1111 Commercial Federal Tower
2120 South 72nd Street
Omaha, NE 68124
(402) 392-2280

Attorney for Airshield Corporation,
Airshield Inc., and Fibertec Corporation,
Defendants

Diane L. Cafritz, Esq.

WDC99 469779-1 049666 0011